UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DAVID OTTEN and RENEE OTTEN | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CAUSE NO.: 2:16-CV-82 |
| | ) | |
| LAKE COUNTY SHERIFF'S | ) | |
| DEPARTMENT, SERGEANT BOSSE | ) | |
| in his individual and Official capacity, | ) | |
| OFFICER B. ZABRECKY in his individual | ) | |
| and official capacity, SHERIFF JOHN | ) | |
| BUNCICH in his individual and official | ) | |
| capacity and LAKE CONTY, INDIANA | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and

Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the

defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his

individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and

Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state

and allege as follows:

## JURISDICTION, BACKGROUND AND VENUE

1. This Court has Federal Question Jurisdiction as this actions arises from 42 U.S.C. § 1983.

2. On or about February 14, 2015, and at all relevant times thereafter, David Otten was a resident of the City of Crown Point, County of Lake, State of Indiana.

3. On or about February 14, 2015, and at all relevant times thereafter, Renee Otten was a resident of the City of Crown Point, County of Lake, State of Indiana.

4. On or about February 14, 2015, and at all relevant times thereafter, Defendant Lake County Sheriff's Department was a governmental entity located in Lake County, State of Indiana.

5. On or about February 14, 2015, and at all relevant times thereafter, Defendant Sergeant Bosse was employed by the Lake County Sheriff's Department and was acting under color of state law.

6. On or about February 14, 2015, and at all relevant times thereafter, Defendant Officer B. Zabreky was employed by the Lake County Sheriff's Department and was acting under color of state law.

7. On or about February 14, 2015, and at all relevant times thereafter, Defendant Lake County, Indiana was a governmental political subdivision located in Lake County, Indiana.

8. The incidents complained of herein occurred in the County of Lake, State of Indiana.

9. Lake County is in the Northern District of Indiana.

10. This cause of action is properly venued in the Northern District of Indiana under 28 U.S.C. § 1391, which allows for an action to be brought in the district where the Defendant resides or in which the cause of action arose.

## COUNT I: SECTION 1983 ILLEGAL SEARCH AND SEIZURE: DAVID OTTEN

11. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-10, and make them a part herein.

12. On or about February 14, 2015, Defendant Sergeant Bosse and Defendant Officer Zabrecky responded to a radio dispatch in the area of 6200 W. 85th St. in unincorporated Crown Point, Lake County, Indiana.

13. Upon their arrival, Defendant Sergeant Bosse and Defendant Officer Zabrecky observed Mrs. Otten walking along the side of the road.

14. Defendant Sergeant Bosse and Defendant Officer Zabrecky approached Mrs. Otten and ordered her into their vehicle so that they could take her home.

15. At the time she entered the vehicle, Mrs. Otten did not believe that she was free to leave.

16. Defendant Sergeant Bosse, Defendant Officer Zabrecky and Mrs. Otten arrived at her residence located at 8537 Bell St., Crown Point, IN 46307.

17. Upon their arrival, Defendants Sergeant Bosse and Officer Zabrecky requested consent to enter Mrs. Otten's home, which consent Mrs. Otten denied.

18. Prior to said request, Defendants Sergeant Bosse and Officer Zabrecky did not advise Mrs. Otten her right to consult an attorney prior requesting consent.

19. Defendants Sergeant Bosse and Officer Zabrecky illegally entered Mrs. Otten's home.

20. Defendants Sergeant Bosse and Officer Zabrecky followed Mrs. Otten to her bedroom where Mr. Otten was sleeping.

21. Defendants Sergeant Bosse and Officer Zabrecky awoke Mr. Otten and ordered that Mr. Otten provide his identification.

22. Defendants Sergeant Bosse and Officer Zabrecky were acting under established policy of the Lake County Sheriff's Department in demanding identification for report purposes.

23. While Mr. Otten attempted to obtain his identification, Defendants Sergeant Bosse and Officer Zabrecky pushed Mr. Otten back into his bed.

24. As a result of Defendants Sergeant Bosse and Officer Zabrecky battering Mr. Otten, a fight ensued wherein Mr. Otten was tazed several times and struck over the head.

25. Defendants Sergeant Bosse and Officer Zabrecky placed Mr. Otten in handcuffs, seizing his person.

26. As a result of Defendants' actions, Mr. Otten suffered serious physical and emotional injuries.

27. The Defendants' actions, as described above, were under the color of state law.

28. This Complaint against the individual defendants is for damages arising out of the violation of civil rights pertaining to Mr. Otten, which are in direct violation of Indiana common law and the Indiana and United States Constitution.

29. Mr. Otten had a clearly established right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

30. That the individual defendants subjected Mr. Otten to an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

31. That Sergeant Bosse and Officer Zabrecky were acting in accordance with a department policy or practice of demanding subjects to provide identification so that officers may record and make data entries of individuals' identification information which was the direct cause of the subsequent acts that lead to Mr. Otten's injuries.

## COUNT II: ILLEGAL SEARCH AND SEIZURE: RENEE OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

32. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-31, and make them a part herein.

33. Mrs. Otten was in the bedroom while Defendants Sergeant Bosse and Officer Zabrecky were physically assaulting her husband, Mr. Otten.

34. During the altercation, Mrs. Otten voiced her displeasure with how the Defendants were treating her husband.

35. As a result, Defendants Sergeant Bosse and Officer Zabrecky arrested Mrs. Otten, seizing her person.

36. Defendants did not have probable cause to arrest Mrs. Otten.

37. As a result of Defendants' actions, Mrs. Otten suffered serious physical and emotional injuries.

38. The Defendants' actions, as described above, were under the color of state law.

39. This Complaint against the individual defendants is for damages arising out of the violation of civil rights pertaining to Mrs. Otten, which are in direct violation of Indiana common law and the Indiana and United States Constitution.

40. Mrs. Otten had a clearly established right to be free from unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

41. That the individual defendants subjected Mrs. Otten to an unreasonable search and seizure under the Fourth Amendment to the United States Constitution.

42. That Sergeant Bosse and Officer Zabrecky were acting in accordance with a department policy or practice of demanding subjects to provide identification so that officers may record and make data entries of individuals' identification information which was the direct cause of the subsequent acts that lead to Mrs. Otten's injuries.

## COUNT III: SECTION 1983 EXCESSIVE FORCE: DAVID OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

43. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-42, and make them a part herein.

44. Defendants' actions were unreasonable based on the totality of the circumstances surrounding Mr. Otten's injuries.

## COUNT IV: SECTION 1983 EXCESSIVE FORCE: RENEE OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

45. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-44, and make them a part herein.

46. Defendants' actions were unreasonable based on the totality of the circumstances surrounding Mrs. Otten's injuries.

## COUNT V: FALSE IMPRISONMENT: DAVID OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

47. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-46, and make them a part herein.

48. Defendants did not have probable cause to arrest Mr. Otten and confine him against his will.

49. As a result of Defendants' actions Mr. Otten suffered severe physical and emotional injuries.

50. Defendants acted with malice, gross negligence or oppressiveness.

51. Defendants' actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

52. That Sergeant Bosse and Officer Zabrecky were acting in accordance with a department policy or practice of demanding subjects to provide identification so that officers may record and make data entries of individuals' identification information which was the direct cause of the subsequent acts that lead to Mr. Otten's false imprisonment.

### COUNT VI: FALSE IMPRISONMENT: RENEE OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

53. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-52, and make them a part herein.

54. Defendants did not have probable cause to arrest Mrs. Otten and confine her against her will.

55. As a result of Defendants' actions Mrs. Otten suffered severe physical and emotional injuries.

56. Defendants acted with malice, gross negligence or oppressiveness.

57. Defendants' actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

58. That Sergeant Bosse and Officer Zabrecky were acting in accordance with a department policy or practice of demanding subjects to provide identification so that officers may record and make data entries of individuals' identification information which was the direct cause of the subsequent acts that lead to Mrs. Otten's false imprisonment.

## COUNT VII: FALSE ARREST: DAVID OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

59. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-58, and make them a part herein.

60. Defendants did not have probable cause to arrest Mr. Otten and confine him against his will.

61. As a result of Defendants' actions Mr. Otten suffered severe physical and emotional injuries.

62. Defendants acted with malice, gross negligence or oppressiveness.

63. Defendants' actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

64. That Sergeant Bosse and Officer Zabrecky were acting in accordance with a department policy or practice of demanding subjects to provide identification so that officers may record and make data entries of individuals' identification information which was the direct cause of the subsequent acts that lead to Mr. Otten's false arrest.

### COUNT VIII: FALSE ARREST: RENEE OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

65. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-64, and make them a part herein.

66. Defendants did not have probable cause to arrest Mrs. Otten and confine her against her will.

67. As a result of Defendants' actions Mrs. Otten suffered severe physical and emotional injuries.

68. Defendants acted with malice, gross negligence or oppressiveness.

69. Defendants' actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

70. That Sergeant Bosse and Officer Zabrecky were acting in accordance with a department policy or practice of demanding subjects to provide identification so that officers may record and make data entries of individuals' identification information which was the direct cause of the subsequent acts that lead to Mrs. Otten's false arrest.

## COUNT IX: BATTERY: DAVID OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

71. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-70, and make them a part herein.

72. On or about February 14, 2015, Defendants knowingly or intentionally touched Mr. Otten against his will in a rude, insolent or angry manner.

73. Defendants tazed Mr. Otten, struck him in the head and threw him against the wall even after he was placed in handcuffs.

74. Defendants acted with malice, gross negligence or oppressiveness.

75. Defendants' actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

76. Defendants lacked any legal justification for their actions.

77. Mr. Otten suffered severe physical and emotional injuries as a result of Defendants' unlawful actions.

## COUNT X: BATTERY: RENEE OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

78. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-77, and make them a part herein.

79. On or about February 14, 2015, Defendants knowingly or intentionally touched Mrs. Otten against her will in a rude, insolent or angry manner.

80. Defendants acted with malice, gross negligence or oppressiveness.

81. Defendants' actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

82. Defendants lacked any legal justification for their actions.

83. Mrs. Otten suffered severe physical and emotional injuries as a result of Defendants' unlawful actions.

## COUNT XI: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS: DAVID OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

84. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-83, and make them a part herein.

85. Defendants' actions of assaulting Mr. Otten while he was in his own bedroom, tazing him, placing him in handcuffs and continuing to assault him after he was restrained was extreme and outrageous conduct.

86. By this conduct, Defendants intentionally or recklessly cause severe emotional distress to Mr. Otten.

87. Defendants acted with malice, gross negligence or oppressiveness.

88. Defendants' actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

89. Mr. Otten suffered severe emotional distress due to the defendants' unlawful actions.

## COUNT XII: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS: RENEE OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

90. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-89, and make them a part herein.

91. Mrs. Otten was in the bedroom and witnessed Defendants assaulting and tazing Mr. Otten.

92. Mrs. Otten further witnessed Defendants continue to assault Mr. Otten while he was in handcuffs and defenseless.

93. Defendants' actions of assaulting Mr. Otten while he was in his own bedroom, tazing him, placing him in handcuffs and continuing to assault him after he was restrained was extreme and outrageous conduct.

94. By this conduct, Defendants intentionally or recklessly cause severe emotional distress to Mrs. Otten as they were aware she was in the same room.

95. Defendants acted with malice, gross negligence or oppressiveness.

96. Defendants' actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

97. Mrs. Otten suffered severe emotional distress due to the defendants' unlawful actions.

## COUNT XIII: INVASION OF PRIVACY: DAVID OTTEN AND RENEE OTTEN

COMES NOW, Plaintiffs David Otten and Renee Otten by Counsel Scott King and Russell W. Brown, Jr. of Scott King Group, and for their Complaint for Damages against the defendants, Lake County, Indiana, Lake County Sheriff's Department, Sergeant Bosse in his individual and official capacity, Officer B. Zabrecky in his individual and official capacity, and Sheriff John Buncich in his individual and official capacity, (collectively "Defendants"), state and allege as follows:

98. Plaintiffs, by reference, incorporate and re-allege all proceeding rhetorical paragraphs, numbered 1-97, and make them a part herein.

99. Defendants unlawfully invaded Mr. and Mrs. Otten's home.

100. Defendants did not have consent to enter Mr. and Mrs. Otten's home; nor did they have a warrant.

101. Defendants' unlawful entry into Mr. and Mrs. Otten's home was offensive and objectionable.

102. Defendants' actions were not the result of mistake of fact or law, honest error or judgment, overzealousness, or mere negligence.

103. Mr. and Mrs. Otten suffered severe physical and emotional injuries as a result of Defendants' unlawful conduct.

## **PRAYER FOR DAMAGES**

WHEREFORE, having asserted various causes of action and alleging facts in support

thereof, the Plaintiffs, David Otten and Renee Otten, pray for judgment and damages against the

Defendants as previously stated and as follows:

a.       awarding the Plaintiffs general and/or compensatory damages, including without

limitation damages for their pain and suffering, mental anguish, embarrassment, humiliation,

and/or general emotional distress, in amounts to be determined at trial;

b.       awarding the Plaintiffs punitive damages for the Defendants' willful and/or

malicious violation of their civil rights or its reckless indifference to their civil rights;

c.       awarding the Plaintiffs their costs and attorney's fees;

d.       awarding the Plaintiffs treble damages in an amount up to three times the amount

of their compensatory damages for the egregious nature of Defendants' actions.

e.       for all other legal and/or equitable relief this Court deems just and proper in the

premises.

Dated this 9th day of  March, 2016.

Respectfully submitted,

SCOTT KING GROUP
9211 Broadway
Merrillville, IN  46410
219/769-63000 - Fax 219/769-0633
Attorneys for Plaintiffs


By: /s/ Scott King_____
     Scott King #5208-45


By:/s/ Russell W. Brown, Jr._
     Russell W. Brown, Jr. #29628-64

## <u>REQUEST FOR JURY TRIAL</u>

The Plaintiffs, David Otten and Renee Otten respectfully request that this cause be tried by jury.

Respectfully submitted,

SCOTT KING GROUP
9211 Broadway
Merrillville, IN  46410
219/769-63000 - Fax 219/769-0633
Attorneys for Plaintiffs


By: /s/ Scott King_____
    Scott King #5208-45


By:/s/ Russell W. Brown, Jr._
    Russell W. Brown, Jr. #29628-64
    Attorney for Defendant