# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| DAVID OTTEN and RENEE OTTEN, )<br>    Plaintiffs, )<br>)<br> v. )<br>)<br>LAKE COUNTY SHERIFF'S DEPARTMENT, )<br>SERGEANT BOSSE in his individual and official )<br>capacity, OFFICER B. ZABRECKY in his individual )<br>and official capacity, and SHERIFF JOHN BUNCICH )<br>in his individual capacity, )<br>    Defendants. ) | CAUSE NO.: 2:16-CV-82-PRC |

## OPINION AND ORDER

This matter is before the Court on Defendants [sic] Sheriff John Buncich and Lake County Sheriff's Department Motion to Dismiss Plaintiffs' Amended Complaint [DE 26], filed by Defendants Sheriff John Buncich and the Lake County Sheriff's Department ("the Department") on May 25, 2016. Plaintiffs David Otten and Renee Otten filed a response on June 9, 2016, and Defendants filed a reply on June 20, 2016.

## PROCEDURAL BACKGROUND

Plaintiffs filed an Amended Complaint on April 25, 2016, against Defendants Lake County Sheriff's Department, Sergeant Bosse, Officer B. Zabrecky, and Sheriff John Buncich. Plaintiffs allege violations of 42 U.S.C. § 1983 and of Indiana state law. As part of their prayer for relief, Plaintiffs request that the Court award punitive damages to Plaintiffs.

In the Amended Complaint, Plaintiffs make the following allegations. On or about February 14, 2015, Sergeant Bosse and Officer Zabrecky responded to a radio dispatch in the area of 6200 West 85th Street in Crown Point, Lake County, Indiana. Upon arriving, Bosse and Zabrecky observed Ms. Otten walking along the road. Bosse and Zabrecky approached Ms. Otten

and ordered her into their vehicle so that they could take her home. Bosse and Zabrecky took Ms. Otten to her home, and they requested consent to enter the home without advising Ms. Otten of her right to consult with an attorney. Ms. Otten did not give her consent. Bosse and Zabrecky then entered the home and followed Ms. Otten to her bedroom where Mr. Otten was sleeping.

Bosse and Zabrecky woke Mr. Otten and ordered him to provide his identification although Mr. Otten had not violated any law. In the attempt to obtain Mr. Otten's identification, Bosse and Zabrecky pushed Mr. Otten back into his bed. A fight ensued, and Bosse and Zabrecky used a stun gun on Mr. Otten several times and struck him over the head. Mr. Otten was then placed in handcuffs. During the altercation, Ms. Otten voiced her displeasure regarding the treatment of her husband, and she was arrested.

Bosse and Zabrecky's actions were taken as the result of a policy developed and implemented by Buncich that required Lake County police officers to demand identification from all persons that they come into contact with. Bosse and Zabrecky testified under oath that the Department had this policy and that they were acting in accordance with it. In addition, Buncich developed and implemented a policy that subjected an individual to arrest if he or she refused to provide identification.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## STANDARD OF REVIEW

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-

pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082.

## ANALYSIS

In the Motion to Dismiss, Buncich contends that he is entitled to dismissal of all claims in Counts I through XII because Plaintiffs do not allege that Buncich personally participated in any of the acts alleged by Plaintiffs. The Department claims that Plaintiffs' § 1983 *Monell* claims against it contain boilerplate allegations of de facto municipal policy and do not allege the specific pattern or series of incidents necessary to survive a motion to dismiss. The Department also contends that the state law claims against it in Counts IX, X, XI, and XII do not give fair notice of the claims that are asserted and that the claims are not permissible under the Indiana Tort Claims

---

[1] Plaintiffs quote *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 758 (7th Cir. 2006), for the proposition that "[t]he plaintiff's complaint should survive dismissal if relief could be granted under any set of facts that could be proved consistent with the allegations." However, in 2007, the United States Supreme Court retired the "any set of facts" language as "an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 563 (2007).

Act. Finally, the Department asserts that the demand for punitive damages must be dismissed because such claims are not permitted by law. The Court considers each argument in turn.

### A. Claims against Sheriff John Buncich

Buncich, sued only in his individual capacity in the Amended Complaint, argues that Plaintiffs fail to state a claim against him in Counts I-XII. His sole argument is that Plaintiffs have not alleged personal participation by him, and, therefore, he cannot be held liable under § 1983.

The theory of respondeat superior does not apply to § 1983 claims. *Shields v. Ill. Dep't. of Corr.*, 746 F.3d 782, 790 (7th Cir. 2014). Therefore, to recover damages under § 1983 against Buncich individually, Plaintiffs must establish that Buncich "was personally responsible for the deprivation of a constitutional right." *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *see also Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). To show personal involvement, Buncich, as a supervisor, must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what [he] might see." *Jones v. City of Chi.*, 856 F.2d 985, 992–93 (7th Cir.1988); *see also Smith v. City of Chi.*, 143 F. Supp. 3d 741, 757 (N.D. Ill. 2015). "[T]he plaintiff must show that the supervisor's action or inaction was 'affirmatively linked' to the deprivation of the plaintiff's federal rights" *Snyder v. Smith*, 7 F. Supp. 3d 842, 864 (S.D. Ind. 2014) (citing *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). If a supervisor "devised a deliberately indifferent policy that caused a constitutional injury," then individual liability might flow from that act. *Lee v. Wexford Health Sources, Inc.*, No. 13 C 3255, 2016 WL 302151, at *3 (quoting *Armstrong v. Squadrito*, 152 F.3d 564, 581 (7th Cir. 1998)); *see also Doyle v. Camelot Car Ctrs, Inc.*, 305 F.3d 603, 614 (7th Cir. 2002).

Plaintiffs do not allege that Buncich personally took part in the alleged misconduct on February 14, 2015. However, they do allege that Buncich developed and implemented specific

4

policies, namely a policy to obtain identification from all persons Lake County police officers come into contact with and a policy to arrest individuals who refuse to provide identification. Plaintiffs allege that Buncich knew or should have known that the policies violate a citizen's right to privacy, would constitute an illegal search and seizure if an individual was arrested for failure to provide his or her identification, and would result in making false arrests and subjecting individuals to false imprisonment. Plaintiffs also allege that Buncich "acted or failed to act with reckless disregard" of the Plaintiffs' constitutional rights in developing and implementing these policies.

Buncich contends that *Trowbridge v. Civil City of South Bend, Ind.*, No. S91-484(RDP), 1992 WL 559656 (N.D. Ind. Jan. 27, 1992), and *Jackson v. Elrod*, 655 F. Supp. 1130 (N.D. Ill. 1987), are analogous to the claims against Buncich and show that the claims should be dismissed. These cases, however, are both nonprecedential and differentiable from the allegations in the instant litigation. In *Trowbridge*, the conduct at issue was allegedly "ratified" after the fact by the chief of police, and the court found that ratification was not sufficient to show personal participation. *Trowbridge*, 1992 WL 559656, at *3, *4. In the instant matter, however, Buncich is alleged to have personally implemented the unconstitutional policy which caused the alleged injuries and not to have merely ratified conduct after it occurred.

In *Jackson*, claims against three defendants in their individual capacity were dismissed because the plaintiff made only a "bald assertion that Hardiman, Elrod, and Glotz encouraged, authorized, directed, ratified, or acquiesced in their subordinates' acts," and the court found that this assertion alone does not satisfy the pleading requirement. *Jackson*, 655 F. Supp. at 1136. Here, the allegation of personal participation by Buncich is more fleshed out. The allegation is that

Buncich developed and caused to be implemented two specific policies that led to deprivation of constitutional rights.

Plaintiffs have sufficiently alleged personal participation by Buncich in his individual capacity. The request to dismiss the claims brought under § 1983 based upon illegal search and seizure, false imprisonment, and false arrest is denied.

However, Plaintiffs have failed to connect Buncich to their claims of excessive force in violation of § 1983. The policies that Plaintiffs describe do not pertain to the use of force, and there are no other allegations that Buncich personally participated in the alleged constitutional violation. Plaintiffs allege that Buncich knew or should have known that a confrontation between citizens and police would be likely to occur if the citizens refused to comply with Buncich's identification policy, but a confrontation in and of itself neither constitutes nor necessarily leads to the use of excessive force. The request to dismiss the § 1983 excessive force claims against Buncich is granted. However, though Buncich requests dismissal with prejudice, the general rule is to dismiss without prejudice when a complaint fails to state a claim for relief. *See Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013). There is no indication that any attempt to amend the complaint to fix the deficiencies in these claims would be futile. Therefore, the Court dismisses these claims without prejudice.

Because Buncich has made only an unsupported assertion unaccompanied by any argument that the state law claims against him should be dismissed, the request to dismiss the state law claims against Buncich is denied.

### B. Counts I Through VIII Against the Lake County Sheriff's Department

The Department argues that the § 1983 *Monell* claims brought against it in Counts I through VIII should be dismissed. To state a claim under § 1983, a plaintiff must allege "(1) that defendants

6

deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Lantz v. Office of Jackson Twp. Tr.*, 938 F. Supp. 2d 810, 822 (N.D. Ind. 2013) (quoting *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006)).

The suit against the Department is subject to the holding in *Monell v. Dep't of Soc. Services*, that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." 436 U.S. 658, 694 (1978). Rather, "to state a § 1983 claim against a municipality, the complaint must allege that an official policy or custom not only caused the constitutional violation, but was the moving force behind it." *Estate of Sims ex. Rel. Sims v. Cty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (internal quotation marks omitted) (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)); *see also Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 306 (7th Cir.2010). That is, to state a *Monell* claim against a municipality, a plaintiff must allege that he "(1) [ ] suffered a deprivation of a federal right, (2) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policymaking authority . . . ; which (3) was the proximate cause of his injury." *King v. Kramer*, 763 F.3d 635, 649 (7th Cir. 2014) (quoting *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002)). The Department argues that Plaintiffs have failed to sufficiently allege a policy to satisfy the second prong of this test.

Generally, the allegation of a single incident of unconstitutional activity is not sufficient to support the inference that the activity was pursuant to an official policy. *See Connick v. Thompson*, 563 U.S. 51, 62 (2011); *Williams v. Heavener*, 217 F.3d 529, 532 (7th Cir. 2000) ("Ordinarily, one incident is not sufficient to establish a custom that can give rise to *Monell* liability."). However, there is an exception where there is proof that a single incident was caused by an existing, unconstitutional municipal policy. *City of Okla. City v. Tuttle*, 471 U.S. 808, 823-24 (1985)

(plurality opinion); *Arlotta v. Bradley Center*, 349 F.3d 517, 522 (7th Cir. 2003) (quoting the plurality opinion of *Tuttle* with approval).

In the instant case, Plaintiffs allege a single incident of the alleged policy of demanding identification. Plaintiffs do not allege any other instances of this alleged policy's enforcement. However, Plaintiffs do allege that Bosse and Zabrecky testified to the existence of the Department's policy to ask for identification for the police report. This is sufficient to allege the existence of the identification policy, which gives rise to the § 1983 search and seizure claims. Though the Department asserts that Plaintiffs fail to allege that the policy is unconstitutional, Plaintiffs make such an allegation in paragraph 24 of their Amended Complaint. The Department further contends that these claims should be dismissed because alleged actions were not discretionary decisions made by a final policy maker as in *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986). However, the fact pattern of *Pembaur* shows one way for a municipal entity to be held liable for a single incident of unconstitutional activity, not the only way. Further, considering that there are allegations that Buncich, the Lake County Sheriff, implemented the policies at issue, it is unclear which part of the *Pembaur* means of attaching liability the Department argues is not met. The Department's sole argument for dismissal is that Plaintiffs have provided insufficient allegations to establish that an unconstitutional policy exists. Because Plaintiffs' allegations are sufficient in this regard, the request to dismiss the § 1983 search and seizure *Monell* claims is denied.

Regarding the alleged policy of arresting those who do not provide identification, however, Plaintiffs do not allege anything other than the incident giving rise to this litigation. "[T]he plaintiff[s] must plead some fact or facts tending to support [their] allegation that a municipal policy exists that could have caused [their] injur[ies]." *Strauss v. City of Chicago*, 760 F.2d 765

(7th Cir. 1985). Plaintiffs do not allege that there is testimony of this policy's existence or allege other instances in which the policy was enforced. The false arrest and false imprisonment *Monell* claims are built upon this policy to arrest. Because this policy is not sufficiently alleged to survive a motion to dismiss, the motion to dismiss as to the § 1983 false arrest and false imprisonment *Monell* claims is granted. As addressed above, the Court follows the general rule and dismisses these claims without prejudice, instead of with prejudice, as the Department requests.

Further, there is no alleged policy supporting the excessive force claims. Plaintiffs have not alleged that the excessive force is the result of the identification policy, and, assuming without deciding that these claims are connected to the arrest policy, that policy, as shown above, is insufficiently pled. The motion to dismiss as to the § 1983 excessive force *Monell* claims is granted, though, once again, the Court dismisses the claims without prejudice.

To the extent Plaintiffs have brought state law claims in Counts V through VIII, the Department has not moved to dismiss these claims, and any such claims remain pending.

### C. Counts IX Through XII Against the Lake County Sheriff's Department

In its opening brief, the Department argues that the claims in Counts IX through XII should be dismissed because the Counts do not provide fair notice of the claim as required by Federal Rule of Civil Procedure 8. The Plaintiffs, in their response, provide a clarification of the claims they are bringing. The reply brief under this section of argument indicates that Buncich—but not the Department—acknowledges that Plaintiffs have clarified their claims. The reply brief represents that Plaintiffs' response indicates that Plaintiffs are only pursuing state law respondeat superior claims in these claims and, therefore, Bosse, Zabrecky, and Buncich should be dismissed with prejudice from all state law claims and Plaintiffs should only be allowed to pursue state law respondeat superior claims against the Department in these counts. The Court will not dismiss

9

these claims against Bosse and Zabrecky because neither of these Defendants has made a motion to dismiss. As to Buncich, the request is denied because this argument is raised for the first time in the reply brief and is procedurally improper. It was the Department, and not Buncich, that moved for dismissal based upon lack of fair notice.

The Department argues in the opening brief that the state law claims in Counts IX through XII should be dismissed as to the Department because if Plaintiffs pursue individual liability against the officers because Plaintiffs alleged the torts occurred outside the scope of employment, Plaintiffs cannot seek entity liability against the Department. Defendant identifies an Indiana code provision, which provides that "[a] lawsuit alleging that an employee acted within the scope of the employee's employment bars an action by the claimant against the employee personally." Inc. Code § 34-13-3-5(b). This statute does not provide a basis for dismissing the claims against the Department, that is, the employer. Instead, the statute contemplates dismissal of claims as to employees. The employees, however, are not asking for dismissal.

After the Plaintiffs' clarification in their response brief of their claims in Counts IX through XII, the Department does not renew its request for the claims to be dismissed as to it. Additionally, in the joint reply brief, the Department's co-defendant, Buncich, acknowledges that the state law claims can be brought against the Department because Plaintiffs have clarified the claims that they are bringing in Counts IX through XII. Because the Department's cited statute is inapplicable to its request and because the Department appears to have acquiesced that Plaintiffs may bring these claims against it, the request to dismiss the state law claims against the Department in Counts IX through XII is denied.

### D. Punitive Damages against the Lake County Sheriff's Department

The Department argues that Plaintiffs' request for punitive damages should be dismissed. Plaintiffs concede that punitive damages are not appropriate remedies against a government entity. Because the parties are in agreement that these claims cannot be brought against the Department, the Court dismisses with prejudice all claims for punitive damages filed by Plaintiffs against the Department.

### CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** in part and **DENIES** in part Defendants' Motion to Dismiss [DE 26].

The Court **DISMISSES without prejudice** Counts III and IV as to Defendants Sheriff John Buncich and the Lake County Sheriff's Department and the § 1983 *Monell* claims—but not any state law claims—against the Lake County Sheriff's Department contained in Counts V, VI, VII, and VIII. The Court **DISMISSES with prejudice** all claims for punitive damages against the Lake County Sheriff's Department.

The case **REMAINS PENDING** on Plaintiff's Amended Complaint as to all other claims.

SO ORDERED this 29th day of November, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERY
UNITED STATES DISTRICT COURT
