**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| DAVID OTTEN and RENEE OTTEN, )<br>    Plaintiffs, )<br> )<br>    v. )<br> )<br>LAKE COUNTY SHERIFF'S DEPARTMENT, )<br>SERGEANT BOSSE in his individual and official )<br>capacity, OFFICER B. ZABRECKY in his individual )<br>and official capacity, and SHERIFF JOHN BUNCICH )<br>in his individual capacity, )<br>    Defendants. ) | CAUSE NO.: 2:16-CV-82-PRC |

**OPINION AND ORDER**

This matter is before the Court on Defendant Lake County Sheriff's Department Motion to Bifurcate § 1983 *Monell* Claims and Stay Discovery and Trial on Those Claims [DE 35], filed by Defendant Lake County Sheriff's Department ("Sheriff's Department") on December 14, 2016. Plaintiffs David and Renee Otten filed a response on December 20, 2016, and the Sheriff's Department filed a reply on December 27, 2016.

In their Amended Complaint, Plaintiffs seek to hold the individually-named Defendants liable for illegal search and seizure, excessive force, false imprisonment, and false arrest under 42 U.S.C. § 1983, in addition to various state law claims, in relation to events taking place on or about February 14, 2015. Plaintiffs also seek to hold the Sheriff's Department liable under 42 U.S.C. § 1983 pursuant to *Monell v. New York Department of Social Services*, 436 U.S. 658 (1978), for the alleged illegal search and seizure. Plaintiffs allege that the Sheriff's Department had an unconstitutional policy of obtaining identification from all persons who come into contact with Lake County police officers and that this policy caused the violation of Plaintiffs' constitutional rights. There are also pending state law *respondeat superior* claims against the Sheriff's Department.

In the instant motion, the Sheriff's Department seeks to bifurcate Plaintiffs' *Monell* claims against it and to stay discovery and trial on the *Monell* claims pending resolution of Plaintiffs' federal § 1983 claims and state law claims against the individually-named Defendants. The Sheriff's Department does not ask that the state law *respondeat superior* claims against it be bifurcated. Rule 42(b) provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). Bifurcation of claims may be appropriate if "the separation would prevent prejudice to a party or promote judicial economy." *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007) (citation omitted). "If one of these criteria is met, the district court may order bifurcation as long as doing so will not prejudice the non-moving party or violate the Seventh Amendment." *Id.* Defendants argue that bifurcation will convenience all the parties, avoid prejudice, expedite the matter, and economize resources for the Court and parties during the discovery process and trial.

The *Monell* claims brought by Plaintiffs against the Sheriff's Department are based on allegations of illegal search and seizure. These claims are well suited for bifurcation because, unless one of the Plaintiffs proves that an officer violated his or her constitutional rights, the *Monell* claims against the municipality will fail as a matter of law, and the litigation will be over without the need for discovery or trial on the *Monell* claims.[1] *See City of Los Angeles v. Heller*, 475 U.S. 796, 799

---

[1] Although there can be no *Monell* liability without proof of a violation of constitutional rights, the Seventh Circuit Court of Appeals has noted that it is possible that "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an *inconsistent* verdict." *Saunders v. City of Chicago*, 146 F. Supp. 3d 957, 969 (N.D. Ill. 2015) (quoting *Thomas v. Cook Cty. Sheriff's Dep't*, 604 F.3d 293, 305 (7th Cir. 2010)). In *Saunders*, the court noted that, "[p]resumably such a situation could arise . . . should Plaintiffs be unable to recover from the Defendant Officers because of their qualified immunity, but Plaintiffs could still recover from the municipality, which

2

(1986); *see also Swanigan v. City of Chicago*, 775 F.3d 953, 962 (7th Cir. 2015). Thus, it is more efficient and convenient to first determine whether the individually-named Defendants violated Plaintiffs' constitutional rights before requiring the Court (and the parties) to expend resources litigating the *Monell* claims against the Sheriff's Department that may never be reached or otherwise adjudicated.[2] Bifurcating the *Monell* claims against the Sheriff's Department will avoid prejudice to the Sheriff's Department and avoid spending taxpayer money to unnecessarily defend against the *Monell* claims if Plaintiffs are unable to prove that an underlying constitutional violation occurred.

Plaintiffs object to the Sheriff's Department's motion solely on the basis that offensive collateral estoppel should be used to find that the alleged constitutional violation by the individually-named Defendants has occurred. With the individually-named Defendants collaterally estopped from arguing that there was no constitutional violation, Plaintiffs argue, bifurcation would not convenience the parties, avoid prejudice, expedite the matter, or economize resources.

In a criminal case against Plaintiffs in Lake County, Indiana, Superior Court, that court directed the verdict in favor of the defendants in that case—who are Plaintiffs David Otten and Renee Otten in the instant matter. In directing the verdict, that court stated that Officer Zabrecky and Sergeant Bosse—who are Defendants in the instant matter—did not obtain consent to enter the Otten residence. Though the court did not explicitly state that this was a violation of the Fourth

---

lacks such a protection." *Id.* at 969-70. Like the court in *Saunders*, the Court finds that any such concern is premature and can be addressed at the close of the trial on the individual claims, if necessary.

[2] In addition, the discovery of *Monell* claims "can add significant time, effort, and complications to the discovery process." *Medina v. City of Chicago*, 100 F. Supp. 2d 893, 895 (N.D. Ill. 2000); *see also Readus v. Dercola*, 09 C 4063, 2012 WL 1533167, at *3 (N.D. Ill. May 1, 2012) (quoting *Moore v. City of Chicago*, No. 02 C 5130, 2007 WL 3037121, at *9 (N.D. Ill. Oct.15, 2007)). Defendants argue that litigating Plaintiffs' *Monell* claims will be burdensome and time consuming, involving a significant amount of money that would include locating, compiling, and producing documents and the time required for several depositions of fact witnesses in addition to Rule 30(b)(6) witness depositions.

3

Amendment to the United States Constitution, it excluded evidence as "fruit of the poisonous tree," and Plaintiffs infer that the court found Zabrecky and Bosse's actions to be an illegal search in violation of the Fourth Amendment. This is the finding Plaintiffs wish to use against Defendants under the doctrine of offensive collateral estoppel.

Federal courts must "give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 96 (1980). Indiana courts will, in certain circumstances, permit a party to use collateral estoppel offensively. First, the party must establish the traditional requirements of collateral estoppel. *Tofany v. NBS Imaging Sys., Inc.*, 616 N.E.2d 1034, 1038 (Ind. 1993). If the traditional requirements are met, then, in order to decide whether collateral estoppel may be used offensively, Indiana courts determine "whether the party in the prior action had a full and fair opportunity to litigate the issue" and "whether it is otherwise unfair to apply collateral estoppel given the facts of the particular case." *Id.*

Under the traditional requirements, for a party to be able to invoke collateral estoppel,

(1) the issue sought to be precluded must be the same as that involved in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must be fully represented in the prior action.

*Matrix IV, Inc. v. Am. Nat. Bank and Trust Co. of Chicago*, 649, F.3d 539, 547 (7th Cir. 2011) (internal quotation marks and citation omitted). The Sheriff's Department argues that the fourth element of collateral estoppel is not met.

Plaintiffs state that, in the Lake County proceeding, the named parties were the State of Indiana, Renee Otten, and David Otten. Though none of Defendants are named in the Lake County proceeding, Plaintiffs assert that Defendants are the same as the State of Indiana because Indiana

4

courts "look[ ] beyond the nominal parties and treat[ ] those whose interests are involved as the real parties." *Becker v. State*, 992 N.E.2d 697, 700 (Ind. 2013).

In *Becker*, the State of Indiana and the defendant entered into an Agreed Order regarding the defendant's requirements under Indiana's sex offender registry laws. Shortly thereafter, the Indiana Supreme Court decided a case pertinent to the issue. In light of that Indiana Supreme Court decision, Indiana's Attorney General intervened on behalf of Indiana's Department of Corrections and sought to change defendant's registration requirements from those in the Agreed Order. The defendant argued that *res judicata* should bar the Department of Corrections's effort.[3] The Indiana Supreme Court found that the Department of Corrections' interests in keeping the defendant on the sex offender registry under heightened requirements were represented by the local prosecutor and that, under *res judicata*, the Department of Corrections was bound by the Agreed Order.

Though not identified by the Sheriff's Department, several courts have found collateral estoppel to be unavailable in circumstances similar to the instant matter. *See, Kraushaar v. Flanigan*, 45 F.3d 1040, 1051 (7th Cir. 1995) (finding no privity of defendant officers, jailer, and county in civil rights litigation with the parties in the prior criminal proceeding); *see also, e.g.*, *McFarland v. Childers*, 212 F.3d 1178, 1185–86 (10th Cir.2000) (finding no privity between a state agent sued in her individual capacity and the parties in a prior criminal case); *Smith v. Holtz*, 210 F.3d 186, 199-200 n.18 (3d Cir. 2000) (noting that there is no privity between a police officer sued in his individual capacity in a civil action with the Government in a prior criminal prosecution).

---

[3] The Court notes that *Becker* is a decision about *res judicata*, and the issue in the instate case is collateral estoppel, but because the two doctrines are related and the differences are not vital to the instant issue, the Court declines to further analyze the distinction.

Here, unlike in *Becker*, the State of Indiana did not represent the interest of the Defendants in the instant litigation. The Defendants here seek to avoid civil liability for alleged constitutional violations. In the state criminal matter, the State of Indiana sought to prosecute Mr. and Ms. Otten for alleged criminal behavior. Though an evidentiary objection was raised and apparently decided regarding the constitutionality of some of Zabrecky and Bosse's actions, the State's interest in this narrower matter was to get evidence admitted, not to avoid civil liability. The Court finds the circumstances presented in the instant litigation to be much more in line with the cases finding no privity cited above. Plaintiffs have not shown that the traditional requirements of collateral estoppel are met, so the Court need not proceed to consider whether offensive use of collateral estoppel would be appropriate. Because Plaintiff's sole objection raised to bifurcation is due to offensive collateral estoppel, the Court grants the motion to bifurcate.

Plaintiffs' federal right to a jury trial on the *Monell* claims is unaffected by bifurcation and will be preserved, and there is no identified prejudice to Plaintiffs. Rather, Plaintiffs will be able to pursue more efficiently and conveniently the relevant discovery pertaining to the illegal search and seizure claims against the individual officer Defendants.

Finally, the Sheriff's Department argues, without response from Plaintiffs, that, even if the *Monell* claims survive summary judgment and are proven at a trial, Plaintiffs may not recover duplicate compensatory damages on the *Monell* claims and the non-*Monell* claims. *See Cadiz v. Kruger*, No. 06 C 5463, 2007 WL 4293976, at *8 (N.D. Ill. Nov. 29, 2007) (citing *Spanish Action Comm. of Chicago v. City of Chicago*, 766 F.2d 315, 321 (7th Cir. 1985)). Moreover, the Sheriff's Department is not required to pay punitive damages under any circumstances; therefore, bifurcation

would not prejudice Plaintiff's ability to recover punitive damages. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981).

Based on the foregoing, the Court finds that the interests of justice, convenience, economy, expedience, and the avoidance of prejudice support bifurcation and hereby **GRANTS** Defendant Lake County Sheriff's Department Motion to Bifurcate § 1983 *Monell* Claims and Stay Discovery and Trial on Those Claims [DE 35]. The Court **ORDERS**, pursuant to Fed. R. Civ. P. 42(b), that the *Monell* claims against the Sheriff's Department are bifurcated from the § 1983 claims against the individually-named Defendants and the state law claims.

The Court **ORDERS** that all discovery on the *Monell* claims against the Sheriff's Department is stayed until resolution of the claims against the individual officer Defendants.

The Court **ORDERS** that there be separate trials, with the § 1983 claims against the individually-named Defendants and the state law claims taking place first. The trial on the *Monell* claims against the Sheriff's Department is stayed until resolution of the claims against the individual officer Defendants. The Court **ORDERS** that Plaintiff's right to a jury trial on the *Monell* claims is preserved.

SO ORDERED this 12th day of January, 2017.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT